Eugene H. BEAUCOUDRAY, Jr., and Mrs.
Barbara Madeline Beaucoudray,
Plaintiffs-Appellants,

v.

UNITED STATES of America, Through
the Department of Transportation
(Coast Guard), Defendant-Appellee.

No. 73-3632

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 6, 1974.

Joseph A. Gladney, Baton Rouge, La., James H. Morrison, Hammond, La., for plaintiffs-appellants.

Douglas M. Gonzales, U. S. Atty., Baton Rouge, La., Alfred H. O. Boudreau, Trial Atty., Admiralty & Shipping Section, Morton Hollander, Neil H. Koslowe, Dept. of Justice, Washington, D. C., for defendant-appellee.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

The appellants, parents of Eugene H. Beaucoudray, III, filed a complaint under the Federal Tort Claims Act[1] against the United States for damages resulting from the alleged wrongful death of their son who, while on active duty with the United States Coast Guard, fell overboard and drowned. The deceased was serving on the U. S. Coast Guard Cutter "Staten Island", which was located off the coast of the State of Washington at the time he was drowned. On the defendant's motion the district court dismissed the action holding that under Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152, and Bankston v. United States, 480 F.2d 495 (C.A. 5, 1973), "[t]he Federal Tort Claims Act is not extended to servicemen when the death or injuries complained of arise out of or in the course of activity incident to their military service".

Neither do we find merit in the appellants' contention that even if no recovery could be had under the Federal Tort Claims Act that the claim was cognizable under the Suits in Admiralty Act, 46 U.S.C. § 742 et seq. (1970), and the Public Vessels Act, 46 U.S.C. § 781 et seq. (1970).

Affirmed.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. 28 U.S.C. § 1346(b).