Patricia CHARLAND, Administratrix of the Estate of Michael Tobias, Deceased, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee,

and

Pace Company; Ambac Industries, Inc., a corporation; and Celesco Industries, Inc., a corporation, Defendants.

No. 78–2259.

United States Court of Appeals, Ninth Circuit.

March 18, 1980.

John D. Cairns, Kirtland, Darby & Hager, Pasadena, Cal., for plaintiff-appellant.

Robert G. Frame, Atty., U. S. Dept. of Justice, San Francisco, Cal., for defendant-appellee.

Before KENNEDY and FLETCHER, Circuit Judges, and HANSON,* District Judge.

FLETCHER, Circuit Judge:

Appellant Patricia Charland brought a wrongful death action in admiralty against the United States for the death of her son, Michael Edward Tobias, a seaman in the United States Navy who was killed while on leave, voluntarily participating in Navy training exercises. Jurisdiction was premised on the Public Vessels Act, 46 U.S.C. §§ 781–90 (1976), incorporating by reference the Suits in Admiralty Act, 46 U.S.C. §§ 741–52 (1976). The district court, relying on *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), entered judgment in favor of the government. We affirm.

On May 1, 1974, Seaman Tobias, on leave status, was camping along the Colorado River with his father and a Navy companion. Nearby the United States Navy Seal Team One was conducting training exercises. That evening the coxswain of a Navy rubber raft requested permission from his commanding officer to take Tobias and his friend along on the raft as participants in a mock ambush to be staged early the next morning. Ensign Baird granted the request because the two men were seamen on active duty in the Navy. Two civilians were also taken aboard the raft, but their participation was not authorized by the ensign. During a mock attack the rubber raft

---

* Honorable William C. Hanson, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

in which Tobias was riding ran over a hand grenade simulator which detonated under the vessel and killed Tobias.

Tobias' mother, Patricia Charland, brought suit in admiralty against the United States under the Public Vessels Act, alleging that Tobias' death had been caused by the negligence of the United States Navy. The district court, after hearing evidence at a non-jury trial, held that Charland was not entitled to relief against the United States because of the applicability of the *Feres* doctrine. This appeal followed.

In *Veillette v. United States,* 615 F.2d 505 (9th Cir. 1980), also decided today, we discussed the development of the *Feres* doctrine, its rationale, and its broad applicability. The crux of the rule as enunciated by the Supreme Court in *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) is that the government is not liable for injuries to servicemen "where the injuries arise out of or are in the course of activity incident to service." *Id.* at 146, 71 S.Ct. at 159.

Charland contends that her son's death was not incident to service because he was on leave and under no orders or duty to participate in the training exercise. Rather, she argues, the evidence shows that Tobias was off on a "lark" and merely a social participant whose connection with the United States Navy was in these particular circumstances a fortuity and not a causal link.

■ We must disagree. The record indicates that Tobias was permitted aboard the craft because of his military status. Although on furlough he remained on active duty and was subject to military orders and discipline at all times while on board the Navy vessel. Closely analogous is the recent case, *Uptegrove v. United States,* 600 F.2d 1248 (9th Cir. 1979) in which this court held that the *Feres* doctrine barred the claim of the survivors of a serviceman killed while on leave in a crash of the Air Force transport plane on which he was riding as a military space available passenger. *Accord, Archer v. United States,* 217 F.2d 548 (9th Cir. 1954), *cert. denied,* 348 U.S.

953, 75 S.Ct. 441, 99 L.Ed. 745 (1955). Here, as in *Uptegrove* and *Archer,* Tobias was injured in the course of an activity incident to service, and thus the government's liability is precluded by the *Feres* doctrine.

■ Although the parties did not raise the issue, we note in conclusion that this circuit has not previously had occasion to rule on the applicability of the *Feres* doctrine to an action brought pursuant to the Public Vessels Act, 46 U.S.C. §§ 781–90 (1976). *See Beaucoudray v. United States,* 490 F.2d 86 (5th Cir. 1974). We are persuaded that such an application is fully consonant with the Supreme Court's holding in *Feres* that the government's consent to suit in the Federal Tort Claims Act does not extend to actions by servicemen for injuries arising out of activity incident to service. The rationale supporting the ruling in *Feres* limiting the waiver of sovereign immunity applies with equal force in the context of governmental liability in admiralty.

The judgment of the district court is AFFIRMED.