**John POTTS, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 82-5764.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 14, 1983.

Decided Dec. 19, 1983.

James G. Apple (Lead), Stites, McElwain & Fowler, John A. Bartlett, argued, Larry B. Franklin, Franklin & King, Louisville, Ky., for plaintiff-appellant.

Ronald E. Meredith, U.S. Atty., Louisville, Ky., Michael T. Spalding, David T. Gray, Thomas L. Jones (Lead), argued, Senior Admiralty Counsel, Michael Kimmel, Dept. of Justice, Washington, D.C., for defendant-appellee.

Before KENNEDY and MERRITT, Circuit Judges, and PRATT,* District Judge.

PER CURIAM.

John Potts appeals a summary judgment for the United States on his claim for damages for injuries sustained while a corpsman in the United States Navy. We affirm the decision of the District Court.

Potts was injured when a cable used for hoisting a naval landing craft onto the USNS Chauvenet snapped and struck him. Potts was at the time a medical corpsman in the U.S. Navy stationed aboard the Chauvenet, an oceanographic research vessel contracted to the service of the Department of the Navy's Military Sealift Command. The crewmen operating the hoist

---

* Honorable Philip Pratt, United States District Court for the Eastern District of Michigan, sitting by designation.

were civilians. The Chauvenet was in Indonesian waters at the time of the accident. Potts had been ashore in Indonesia on leave to present a plaque to a civilian physician friend, a Dr. Dawson. The accident occurred as Potts was returning to the Chauvenet in the naval landing craft.

Potts brought this action to recover for his injuries[1] under the Public Vessels Act (PVA), 46 U.S.C. §§ 781–790, and the Suits in Admiralty Act (SAA), 46 U.S.C. §§ 741–752. The District Court in dismissing the action relied on *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). *Feres* holds that a serviceman may not recover under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 *et seq.*, for injuries incident to his service.

Potts first argues that summary judgment was inappropriate because there was a question of fact as to the nature of his activity ashore, and that the answer to this factual question determines whether or not his injuries were incident to his military service. Potts relies upon *Hale v. United States*, 416 F.2d 355 (6th Cir.1969). Hale was on leave from his army base. While he was trying to hitch a ride back to the base Hale was stopped by military police in an army truck. The police told him to get into the truck to ride back to the base. Hale was struck by a civilian vehicle as he was going around the army truck in order to enter it. The District Court dismissed Hale's case on summary judgment for the United States, but the Sixth Circuit remanded the case for an evidentiary hearing on the question of whether Hale's injuries arose out of or in the course of military duty.[2] 416 F.2d at 360.

*Hale* is inapposite to Potts' case. Potts was injured while aboard a U.S. Navy landing craft commanded by Navy personnel. There is clear case law indicating that "an injury to an active duty service member ... while aboard military craft ... is deemed to be incident to military service." *Woodside v. United States*, 606 F.2d 134,

142 (6th Cir.1979), *cert. denied,* 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980); *Uptegrove v. United States,* 600 F.2d 1248 (9th Cir.1979), *cert. denied,* 444 U.S. 1044, 100 S.Ct. 732, 62 L.Ed.2d 730 (1980). The result is the same even when the service person is on leave at the time of the accident. *Uptegrove,* 600 F.2d at 1250; *Herreman v. United States,* 476 F.2d 234, 237 (7th Cir. 1973). *Potts* was on a military craft when he sustained his injuries and this is dispositive of the question of whether his activity was incident to his military service. Moreover, his presence there was for the purpose of returning to his duty station on the USNS Chauvenet. Consequently, the nature of Potts' business ashore is irrelevant for purposes of determining the liability of the United States for Potts' injuries. The District Court was correct in concluding that there were no questions of fact in Potts' case.

Potts contends that *Brooks v. United States,* 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949), applies to his case. In *Brooks* the Court allowed a soldier to sue the United States under the FTCA. The soldier was injured while off base on furlough when his civilian vehicle was struck by an army truck. However, the Court held one year later in *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159. The Court discussed *Brooks* at length and distinguished it, noting that the "injury to Brooks did not arise out of or in the course of military duty." *Id.* Potts' injuries were incident to his military service, under *Woodside.* Consequently, the *Feres* doctrine, rather than the *Brooks* doctrine, applies to his case.

Potts next argues that *Feres* should be limited in its application to non-FTCA cases. Though *Feres* dealt specifically with the FTCA, courts have held the doctrine

---

1. Potts' left hand was nearly severed and his left femur was fractured. He is now receiving 70% of his base pay by reason of his 70% disability.

2. The District Court on remand concluded that Hale's injuries had arisen in the course of military duty. The Sixth Circuit affirmed in *Hale v. United States,* 452 F.2d 668 (6th Cir.1971).

applicable to admiralty tort claims for injury or death incident to military service brought under the PVA and the SAA. *Cusanelli v. Klaver,* 698 F.2d 82, 85 (2d Cir. 1983) (*Feres* applicable to PVA and SAA); *Charland v. United States,* 615 F.2d 508, 509 (9th, Cir.1980) (*Feres* applicable to PVA); *Beaucoudray v. United States,* 490 F.2d 86 (5th Cir.1974) (*Feres* applicable to PVA and SAA).[3] The Ninth Circuit in *Charland* stated:

> We are persuaded that such an application [of the *Feres* doctrine to the PVA] is fully consonant with the Supreme Court's holding in *Feres* that the government's consent to suit in the Federal Tort Claims Act does not extend to actions by servicemen for injuries arising out of activity incident to service. The rationale supporting the ruling in *Feres* limiting the waiver of sovereign immunity applies with equal force in the context of governmental liability in admiralty.

615 F.2d at 509.

Accordingly, the judgment of the District Court that Potts' suit is barred under *Feres* is affirmed.

**3.** The government also cites *Lockheed Aircraft Corp. v. United States,* —— U.S. ——, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983), for the proposition that the government's liability under the FTCA is congruent with that under the PVA. *Lockheed* holds that the exclusive liability provision of the Federal Employee's Compensation Act, 5 U.S.C. § 8116(c), applies to suits under both the FTCA and the PVA without distinction.