**In re OCEAN RANGER SINKING OFF NEWFOUNDLAND ON FEBRUARY 15, 1982.**

**MDL No. 508.**

United States District Court, E.D. La.

May 10, 1985.

See also 589 F.Supp. 302 and 617 F.Supp. 435.

---

George A. Frilot, III, James F. Shuey, New Orleans, La., for ODECO.

Robert W. Booksh, Jr., Donald R. Abaunza, New Orleans, La., for Mobil Oil.

Ana Arango, Benton Musslewhite, Houston, Tex., for Canadian.

ROBERT F. COLLINS, Judge.

This matter is presently before the Court on motion of defendant, the United States of America, to dismiss for lack of subject matter jurisdiction.[1] The government argues that, since the actions of the Coast Guard concerning the OCEAN RANGER were purely discretionary, plaintiffs' claims against the government fall within the discretionary function exception to the general waiver of sovereign immunity under the Suits in Admiralty Act (SAA), 46 U.S.C. §§ 741 *et seq.*[2] The government concludes that it is therefore immune from liability in these actions. Plaintiffs, on the other hand, argue that there is no discretionary function exception to the government's waiver of sovereign immunity under the SAA and, in any event, the Coast Guard's actions concerning the OCEAN RANGER were not purely discretionary. Plaintiffs conclude that the government is therefore not immune from liability in these actions. The Court finds plaintiffs' position untenable and, therefore, agrees with the government.

### I. The Discretionary Function Exception To The SAA's Waiver of Sovereign Immunity

Unlike the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 *et seq.*,[3] the

---

**1.** Much confusion appears to exist concerning the appropriate designation of a motion asserting sovereign immunity. Professors Wright and Miller apparently believe that a motion to dismiss for lack of subject matter jurisdiction, as asserted here, is appropriate. C. Wright & A. Miller, 5 *Federal Practice and Procedure* § 1351 (1969) ("[I]n a number of cases involving the right to sue a sovereign, which is not usually viewed as a personal jurisdictional matter, the court has made no attempt to identify the motion as arising under Rule 12(b)(1) rather than Rule 12(b)(2), or has paid no attention to the misdesignation of the motion as one arising under Rule 12(b)(1)." *Id.* at p. 561 (footnotes omitted)). *Accord Williams By And Through Sharpley v. United States,* 581 F.Supp. 847 (S.D. Ga.1983) (though no motions pending, court sua sponte determined that it lacked "jurisdiction," presumably subject matter jurisdiction, due to the government's sovereign immunity). However, some courts have viewed the issue differently. In *Canadian Transport Co. v. United States,* 430 F.Supp. 1168, 4170–71 (D.D.C.1977), *aff'd,* 663 F.2d 1081 (D.C.Cir.1980), on cross motions for summary judgment, the Court held that, although it had subject matter jurisdiction, plaintiff's allegations of tortious conduct would be dismissed for failure to state a claim upon which relief could be granted since the government enjoyed sovereign immunity. *Accord Gercey v. United States,* 540 F.2d 536 (1st Cir.1976)

(upholding trial court's granting of government's motion for judgment on the pleadings, but because of sovereign immunity rather than lack of causation as the lower court had held), *aff'd,* 409 F.Supp. 946 (D.R.I.1976).

The government has designated the instant motion asserting sovereign immunity as a motion to dismiss for lack of subject matter jurisdiction, and no party has objected to that designation. While the Court is not bound by the government's designation of its motion, the Court will acquiesce in that designation, because in this instance the issues, and the appropriate analysis for resolving those issues, remain the same irrespective of designation. *See infra* n. 7.

**2.** The government's sole waiver of sovereign immunity to suits in admiralty, involving no public vessel, is the SAA, which in pertinent part provides: "In cases where ... if a private person or property were involved, a proceeding in admiralty could be maintained, any appropriate nonjury proceeding in personam may be brought against the United States." 46 U.S.C. § 742.

**3.** The FTCA expressly provides that its waiver of sovereign immunity shall not apply to:

[a]ny claim based upon an act or omission of an employee of the Government, exercising

SAA contains no explicit discretionary function exception to its general waiver of sovereign immunity. However, the Court finds that the doctrine of separation of powers requires the judiciary to refrain, even in actions arising under the SAA, from passing judgment on the propriety of discretionary actions of the executive branch that satisfy the requisites of the discretionary function exception of the FTCA. Therefore, the Court holds that a discretionary function exception is implicit in the SAA. *Gemp v. United States,* 684 F.2d 404, 408 (6th Cir.1982); *Estate of Callas v. United States,* 682 F.2d 613, 619 (7th Cir.1982); *Canadian Transport Co. v. United States,* 663 F.2d 1081, 1085–86 (D.C.Cir.1980); *Bearce v. United States,* 614 F.2d 556, 558–60 (7th Cir.), *cert. denied,* 449 U.S. 837, 101 S.Ct. 112, 66 L.Ed.2d 44 (1980); *Gercey v. United States,* 540 F.2d 536, 539 (1st Cir.1976), *cert. denied,* 430 U.S. 954, 97 S.Ct. 1599, 51 L.Ed.2d 804 (1977). *Contra Lane v. United States,* 529 F.2d 175, 179 (4th Cir.1975)[4]; *DeBardeleben Marine Corp. v. United States,* 451 F.2d 140, 145–46 (5th Cir.1971) (dictum.)[5]

The legislative history of the FTCA clearly indicates that the discretionary function exception to the Act's general waiver of sovereign immunity was derived from the separation of powers doctrine to which the judiciary must adhere even in the absence of an explicit statutory command. Reviewing that legislative history, in *Dalehite v. United States,* 346 U.S. 15, 24–30, 73 S.Ct. 956, 962–65, 97 L.Ed. 1427 (1953) and *United States v. S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 104 S.Ct. 2755, 2762–65, 81 L.Ed.2d 660 (1984), the Supreme Court noted that the discretionary function exception was drafted as a precautionary "clarifying amendment," *Dalehite,* 346 U.S. at 26, 73 S.Ct. at 963, since "[i]t was believed that [even without the exception] claims of the kind embraced by the discretionary function exception would have been exempted from the waiver of sovereign immunity by judicial construction." *Varig Airlines,* 104 S.Ct. at 2763. "It is not probable that the Courts would extend a Tort Claims Act into the realm of the validity of legislation or discretionary adminis-

---

due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

**4.** Although the Fourth Circuit still adheres to the view that it expressed in *Lane,* subsequent decisions have narrowed the scope of the government's liability under the SAA. *See, e.g., Faust v. South Carolina State Highway Dept.,* 721 F.2d 934, 937–40 (4th Cir.1983); *Magno v. Corros,* 630 F.2d 224 (4th Cir.1980).

**5.** The Court does not find the Fifth Circuit's decision in *DeBardeleben* to be controlling precedent, because the discussion in that decision concerning the existence of a discretionary function exception to the SAA's general waiver of sovereign immunity is, as numerous other courts have explicitly held, dictum. *Canadian Transport,* 663 F.2d at 1085 & n. 10; *Bearce,* 614 F.2d at 559; *Gercey,* 540 F.2d at 539 n. 4; *Williams By And Through Sharpley,* 581 F.Supp. at 851. In addition, the Court does not find *DeBardeleben* to be persuasive authority for several reasons. First, *DeBardeleben* represents an

older, minority view on this issue, with which even the Fifth Circuit has demonstrated some discomfort *(see, e.g., McCormick v. United States,* 645 F.2d 299, 306 n. 11 (5th Cir.1981), *vacated,* 680 F.2d 345 (1982); *Beaucoudray v. United States,* 490 F.2d 86 (5th Cir.1974)), while the majority view on this issue represents the modern judicial trend toward *slowing* "the assault upon the citadel of [sovereign] immunity" that was continuing "apace" in 1971 when *DeBardeleben* was decided. *DeBardeleben,* 451 F.2d at 146. Second, the majority view more accurately reflects the intent of Congress in adopting the 1960 amendments to the SAA, which was simply to eliminate the jurisdictional quagmire existing prior to the amendments. *Compare* the discussion on this point in *Bearce,* 614 F.2d at 558–60 and in *Williams By And Through Sharpley,* 581 F.Supp. at 849–52, *with* that in *DeBardeleben,* 451 F.2d at 142–47. Finally, acceptance of the *DeBardeleben* dictum would cause the anomalous result of governmental liability for Coast Guard activities essentially *identical* to FAA activities for which there is no governmental liability. *See United States v. S.A. Empresa De Viacao Aerea Rio Grandense,* 467 U.S. 797, 104 S.Ct. 2755, 2762–65, 81 L.Ed.2d 660 (1984).

trative action." *Dalehite,* 346 U.S. at 27, 73 S.Ct. at 964 (quoting Hearings on H.R. 5373 and H.R. 6463 Before the Committee on the Judiciary, House of Representatives, 77th Cong.2d Sess. at 29 (statement of Assistant Attorney General Francis M. Shea)).[6] Thus, as the legislative history discussed in *Dalehite* and *Varig Airlines* indicates, even if the FTCA had not contained an explicit discretionary function exception to its general waiver of sovereign immunity, sound principles of judicial restraint in the face of governmental administrative activity would, in any event, have prevented the courts from intruding through the vehicle of tort suits, upon the discretionary decisionmaking authority of the other branches of government.

These same principles of judicial restraint, which arise out of the separation of powers doctrine, apply with equal force to suits under the SAA. Decisions by those branches of the federal government entrusted with the regulation of American flag vessels frequently involve questions of public policy, economic expediency, and administrative practicability or feasibility (including considerations of budgetary constraints), which are properly the province of agency discretion rather than judicial action. Accordingly, this Court is compelled to conclude that the SAA's general waiver of sovereign immunity does not include a waiver of immunity to suits based on the government's exercise of its discretionary authority. *Gemp,* 684 F.2d at 408; *Estate of Callas,* 682 F.2d at 619–20; *Canadian Transport,* 663 F.2d at 1086; *Gercey,* 540 F.2d at 536.

This Court's recognition of a discretionary function exception in the SAA is not an attempt to rewrite the statute, nor an attempt to act as "a self-constituted guardian of the Treasury [by] import[ing] immunity back into a statute designed to limit it," *Indian Towing Co. v. United States,* 350 U.S. 61, 69, 76 S.Ct. 122, 126, 100 L.Ed. 48 (1955). It is simply an acknowledgment of the limits of judicial power in our tripartite system of government.

II. *The United States Coast Guard's Activities Concerning The OCEAN RANGER Were Discretionary Functions*

■ The Court finds that all of the Coast Guard's activities concerning the OCEAN RANGER, which form the basis of plaintiffs' claims against the government, fall within the discretionary function exception as defined in *Varig Airlines.* Plaintiffs' claims against the government, construed as broadly as possible, assert that the Coast Guard: (1) negligently failed to inspect the vessel in a timely manner after its certification expired; (2) negligently failed to warn of the potential hazards of the vessel; and, (3) negligently failed to conduct an adequate inspection of the vessel when it was originally certified.[7] The first two claims challenge the Coast Guard's decisions concerning the extent to which it chose to supervise the safety procedures of private individuals. In making such decisions, the Coast Guard was "exercising discretionary regulatory authority of the most basic kind." *Varig Airlines,* 104 S.Ct. at 2768. Permitting plaintiffs to sue the government based on these first two

---

**6.** The *Varig Airlines* Court also noted that the House Judiciary Committee, which conducted the quoted hearings, "incorporated the Government's view into its Report almost verbatim. H.R.Rep. No. 2245, 77th Cong.2d Sess., 10 (1942)." *Varig Airlines,* 104 S.Ct. at 2763 n. 9.

**7.** Plaintiffs' claims against the government allege that "the United States Coast Guard ... had or should have had actual or constructive knowledge of the potential hazards of the [OCEAN RANGER] and negligently failed to inspect or otherwise advise the maritime industry of the said hazard or hazards." *Plaintiffs' Mem-*

*orandum In Opposition To Defendant, The United States of America's Motion To Dismiss Pursuant to F.R.C.P. 12(b)(1)* at 8. Plaintiffs contend that this language asserts a claim not only for negligent failure to inspect or advise, but also for negligent failure to inspect adequately. The Court accepts this contention and accepts all of plaintiffs' allegations against the government as true. This eliminates any factual issues and enables the Court to avoid considering the affidavit of Captain George F. Ireland, which is attached to the government's motion, or any other matters outside of the pleadings.

claims would require precisely the kind of judicial second guessing of a regulatory agency's political, social, and economic judgment concerning how best to accomplish its policy objectives that the discretionary function exception was designed to prevent. *Id.* It follows that the acts of Coast Guard employees in executing the inspection and certification program in accordance with agency directives are also protected by the discretionary function exception. *Id.* Thus, plaintiffs' third claim, which concerns the adequacy of the Coast Guard's original inspection of the OCEAN RANGER, is also barred by the discretionary function exception.

### III. *Conclusion*

All of plaintiffs' claims against the government are barred by the discretionary function exception to the SAA's waiver of sovereign immunity. Accordingly, the Court hereby GRANTS the United States of America's motion to dismiss.