976 F.2d 726
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Nancy Jo LEWIS, Personal Representative of the Estate of
Richard J. Lewis, Deceased; Lisa J. Everhart, Administrator
for suit purposes of the Estate of Leslie Allen Everhart,
Jr.; Adelaida Martinez, Administrator of the Estate of Jose
Luis Martinez, Jr.; Sharon A. Ziegler, Administrator of the
Estate of Reginald Owen Ziegler; Evan B. Battle,
Administrator of the Estate of Dwayne Collier Battle; Joyce
C. Tatham, Administrator of the Estate of Todd Thomas
Tatham; Rhonda Johnson, Personal Representative of the
Estate of Ramon Jerel Bradshaw; Robert J. Gedeon, Jr.,
Administrator of the Estate of Robert J. Gedeon, III;
Reginald Johnson, Sr., Administrator of the Estate of
Reginald Johnson, Jr.; April E. Hanyecz, Administrator of
the Estate of Ernest E. Hanyecz; Lillie Denise Justice,
Administratrix of the Personal Estate of Michael Shannon
Justice; Peggy Jean Price, Administratrix of the Estate of
Matthew Ray Price; David A. Williams, Independent
Administrator of the Estate of Michael Robert Williams;
Lucille S. Young, Personal Representative of the Estate of
John Rodney Young; Susan Marie Backherms, Administratrix of
the Estate of Robert Wallace Backherms; Marilyn M. Hanson,
Special Administrator of the Estate of David L. Hanson;
Shirley DeVaul, Administator of the Estate of Milton Francis
DeVaul, Jr., Gladys Elaine Carns Stillwagon, Administratrix
of the Estate of Heath Eugene Stillwagon; Richard T.
Lawrence, Administrator of the Estate of Richard E.
Lawrence; Carnell J. White, Administrator of the Estate of
Rodney Maurice White; Nathaniel C. Goins, Sr., Administrator
of the Estate of John Leonard Goins; Mary Clark Welden,
Personal Representative of the Estate of Stephen Joseph
Welden; Dale I. Schelin, Special Administrator of the
Estate of Geoffrey Scott Schelin; Alan Lee Holt,
Administrator of the Estate of Scott Alan Holt; Patsy
McMullen, Administratrix of the Estate of Todd Christopher
McMullen; Ronald LeRoy Peterson, Administrator of the Estate
of Ricky Ronald Peterson; Paul Bopp, Representative of the
Estate of Peter Edward Bopp; Melvin C. Foley,
Representative of the Estate of Tryone Dwayne Foley; Linda
Gendron, Representative of the Estate of Brian Wayne
Gendron; Peri Helton, Representative of the Estate of
Michael William Helton; Patricia Kirkpatrick,
Representative of the Estate of Eric Ellis Casey; Carol
Nichelson, Representative of the Estate of Ryan Robert
Jones; Mary E. Ogden, Representative of the Estate of Darin
Ogden; Leasa S. Thompson, Representative of the Estate of
Jack Ernest Thompson, Jr.; Shelly White, Representative of
the Estate of James Darrell White; Earl V. Hartwig,
Executor of the Estate of Clayton Hartwig; Robert L.
Morrison, Administrator of the Estate of Robert Kenneth
Morrison; And all those similarly situated, Plaintiffs-Appellants,
and
Joe BUCH, Representative of the Estate of Philip Edward
Buch, Plaintiff,
v.
UNITED STATES NAVY, an Agency of the United States Federal
Government, Defendant-Appellee.
 No. 91-1793.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 6, 1992
Decided: September 11, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-91-547-A)
 John J. Lynch, Birmingham, Michigan; Kreig J. Brusnahan, Cleveland, Ohio; William Hassan, Fairfax, Virginia, for Appellants.
 Stuart M. Gerson, Assistant Attorney General, Debra J. Kossow, Senior Admiralty Counsel, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Kenneth E. Melson, United States Attorney, Alexandria, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 The Appellants appeal from the district court's order dismissing their wrongful death actions against the United States Navy arising out of an explosion aboard the USS Iowa which killed forty-seven sailors. We affirm.
 
 
 2
 Servicemen are barred from suing the United States for injuries occurring in the course of activity incident to service. Feres v. United States, 340 U.S. 135 (1950). The Plaintiffs concede that the decedents were on active military duty in the United States Navy and that they were engaged in military operations at the time of their deaths. Nevertheless, they argue that there should be certain exceptions created under the Feres doctrine: (1) where the harmful conduct on the part of military officials is egregious; (2) where the injuries are sustained as a result of inadequate or improper training; (3) where the action is based on theories of products liability; and, (4) where the claim is brought pursuant to the Suits in Admiralty Act (SAA), 46 U.S.C. §§ 741-752.
 
 
 3
 In declining to create any such exceptions, we follow every Circuit which has addressed this issue. See Laswell v. Brown, 683 F.2d 261, 265 (8th Cir. 1982) (no exception for egregious conduct), cert. denied, 459 U.S. 1210 (1983); Kitowski v. United States, 931 F.2d 1526 (11th Cir.) (Feres doctrine applied to claims arising out of training exercises), cert. denied, 60 U.S.L.W. 3342 (U.S. 1991); Potts v. United States, 723 F.2d 20, 21-22 (6th Cir. 1983) (Feres doctrine applies with equal force to bar suits brought pursuant to the SAA), cert. denied, 466 U.S. 959 (1984); see also Stencel Aero Eng'g Corp. v. United States, 431 U.S. 666 (1977) (Feres doctrine applied in indemnity action raising products liability claims against United States).
 
 
 4
 Because Plaintiffs' injuries arose in the course of activity incident to service and are not within any exception to Feres, we affirm the decision of the district court dismissing the complaint.
 
 AFFIRMED