Brian **MILLANG**, Plaintiff-Appellee,

v.

**UNITED STATES of America,**
**Defendant-Appellant.**

No. 86–5575.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 6, 1987.

Decided May 14, 1987.

Ian Herzog, Los Angeles, Cal., for plaintiff-appellee.

Freddi Lipstein, Washington, D.C., for defendant-appellant.

Before WALLACE, WIGGINS and KOZINSKI, Circuit Judges.

PER CURIAM:

We consider whether an off-duty military police officer's suit for injuries suffered when he was run over by an on-duty military police officer at an on-base picnic site is barred by the doctrine of *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

## Facts

Appellee Brian Millang, a Marine Corps military policeman, attended a picnic on Saturday, July 25, 1981, at a park on a marine corps air station. The picnic was an informal gathering of servicemen, their families and guests. Millang was off duty at the time.

In the late afternoon Sergeant Carlo G. Troiani, an on-duty military police officer, drove his military police vehicle to the picnic site. Whether he arrived in response to an official summons or simply stopped by on his own is unclear from the record. Troiani stepped out of his vehicle, leaving the engine running, and spoke to some of the picnickers. Horseplay followed and someone threatened to spray Troiani with beer. Troiani rushed back to his truck, put it in gear and began to speed off. Unfortunately, an eighteen month old child had wandered in front of the vehicle. Millang, standing nearby, threw the child clear, but was himself run over by the truck.

Millang sustained severe injuries to his back and lower extremities. He received a disability discharge from the service and is entitled to government disability benefits for the duration of his disability. His medical bills to date have also been paid by the government.

Millang brought suit against the United States for Troiani's negligence pursuant to the Federal Tort Claims Act. 28 U.S.C. § 1346(b). The government claimed the suit involved an activity "incident to military service" and was thus barred by *Feres*. The district court disagreed, finding *Feres* inapplicable because Millang was off duty at a site where non-military personnel were present. In addition, the district court concluded that the suit did not involve the command function of military service and presented no threat to military discipline. Finding that Troiani was acting in the course of his military duty when the accident occurred, the court awarded Millang damages in the amount of $833,896 for lost earning capacity and $250,000 for pain and suffering. The government appeals.

## Discussion [1]

The *Feres* doctrine deprives federal courts of subject matter jurisdiction to decide claims by members of the armed

---

1. Whether the *Feres* doctrine bars this suit is a question of subject matter jurisdiction, an issue of law reviewable *de novo*. *Atkinson v. United States*, 804 F.2d 561, 562 (9th Cir.1986).

services where the injuries "arise out of or are in the course of activity incident to service." *Feres*, 340 U.S. at 146, 71 S.Ct. at 159; *Bon v. United States*, 802 F.2d 1092, 1094 (9th Cir.1986). The problem, of course, is determining which activities meet the somewhat elusive "incident to service" standard. While the courts may consider a variety of factors in making this determination,[2] the key inquiry is "whether the suit requires the civilian court to second-guess military decisions, ... and whether the suit might impair essential military discipline." *United States v. Shearer*, 473 U.S. 52, 105 S.Ct. 3039, 3043, 87 L.Ed.2d 38 (1985) (citation omitted); *Atkinson v. United States*, 804 F.2d 561, 563 (9th Cir.1986). We conclude that Millang's claim is barred by *Feres* under this standard.

*Feres* prohibits not only those suits that directly call into question military decisions, but also "the *type* of claims that, if generally permitted, would involve the judiciary in sensitive military affairs at the expense of military discipline and effectiveness." *Shearer*, 105 S.Ct. at 3044 (emphasis original). Although Millang does not specifically challenge a military decision in this case, a claim that an on duty soldier acted negligently while discharging his responsibilities in an area subject to military control is the type of claim that could well call military decisions into question. For example, there might well be an inquiry into whether Troiani was sent to the area by his superiors and why, a matter that is in fact in dispute here. Other plaintiffs bringing similar suits could allege inadequate supervision or training, requiring military personnel to defend their actions in court. Moreover, the military police have the express duty of enforcing military discipline. A lawsuit that challenges the conduct of an on-duty military police officer acting within the scope of his authority on a military base also challenges the enforcement of military discipline. That is precisely what *Feres* sought to prevent.

We find this case to be closely analagous to *Bon*, an opinion the district court could not have considered because it was rendered after the district court's decision. *Bon* held *Feres* barred a suit involving a boat accident between two military personnel on authorized liberty. Both boats were owned by the government and the accident occurred on or near a Navy Special Services facility. The court held the activity incident to military service:

> Bon enjoyed the use of the Special Services Center solely by virtue of her status as a member of the military.... [U]se of the Special Services Center was restricted to members of the military and employees of the Department of Defense and their guests and dependents. Finally, the nature of the activity was such that its entire scope was subject to military orders and discipline.... [T]he Special Service Center itself was directly under the control of the commanding officer....

802 F.2d at 1095. Likewise, Millang enjoyed the use of the picnic area solely by virtue of his status as a serviceman. Moreover, the accident took place in an area under the complete control of the commanding officer of the air station. Thus, all the participants (including civilians) were subject to military statutes, regulations and orders.[3] Troiani was driving a military vehicle and acting in the course of his duty. Whether he was summoned to the area or not, his actions while on duty were certainly subject to control by his superiors, directly involving the military command function. As in *Bon*, the totality of the circumstances leads to the conclusion that this accident arose out of activity incident to service.

### Conclusion

This case is controlled by *Bon*. Even though plaintiff was engaged in off-duty

---

2. Relevant factors include the location of the accident, whether the participants were on duty when the accident occurred and the nature of the activities involved. *See Bon*, 802 F.2d at 1094.

3. As the court noted in *Bon*, it is not necessary to show actual physical control by a military superior or any specific violations of military regulations, only that the persons involved were subject to military control. 802 F.2d at 1095 n. 4.

recreational activity, his interaction on base with an on-duty serviceman acting in the course of his duty is the type of suit which may call into question military discipline and, as such, is barred by *Feres*.

REVERSED.