999 F.2d 542
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomasina COLTRAIN, individually, and as personal
representative of the estate of Patrick Lee Coltrain, Sr.,
deceased; and as Guardian ad Litem for Angelina D.
Coltrain; Jennifer Ann Coltrain; Terry Robert Coltrain;
Patrick Lee Coltrain II, minor children, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-36550.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1993.
Decided July 23, 1993.
 
 Before CANBY, WIGGINS and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Thomasina Coltrain appeals from the district court's order dismissing her action for damages under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"), for the death of her husband, who died of a brain abscess while on active duty with the Army. Coltrain contends that her husband received negligent medical care from Army medical personnel in Colorado and West Germany, resulting in her husband's death. The district court dismissed the action because it was barred by the Feres doctrine. We affirm.
 
 FACTS
 
 3
 Mrs. Coltrain's husband, Sergeant Patrick Lee Coltrain, Sr., was an active duty soldier in the United States Army. While stationed at Fort Carson, Colorado, he contracted a sinus infection, for which he sought treatment. According to Mrs. Coltrain, the condition was neither diagnosed or treated, and the infection spread until it reached the frontal lobes of Sergeant Coltrain's brain. Mrs. Coltrain maintains that the resulting brain abscess was the immediate cause of death.
 
 
 4
 Allegedly, Sergeant Coltrain's illness began while on active duty in the United States. At the time of death, Sergeant Coltrain was on active duty with his unit in Germany, preparing for deployment in the Persian Gulf. The alleged medical negligence that resulted in Sergeant Coltrain's death occurred in both the United States and Germany.
 
 STANDARD OF REVIEW
 
 5
 The district court's order indicated that the court had granted the government's motion to dismiss or in the alternative for summary judgment and dismissed the complaint. Though the basis for the court's order dismissing the action is not clear, the district court should have dismissed because it lacked subject matter jurisdiction over the claim due to the Feres doctrine. See Millang v. United States, 817 F.2d 533, 534-35 & n. 1 (9th Cir.1987), cert. denied, 485 U.S. 987 (1988); Bon v. United States, 802 F.2d 1092, 1094 (9th Cir.1986). The determination of a district court's subject matter jurisdiction presents a question of law reviewed de novo. Estate of McAllister v. United States, 942 F.2d 1473, 1475 (9th Cir.1991), cert. denied, 112 S.Ct. 1164 (1992); Persons v. United States, 925 F.2d 292, 294 (9th Cir.1991). We must determine independently whether the Feres doctrine applies to the facts in the record. McAllister, 942 F.2d at 1475; Persons, 925 F.2d at 294; McGowan v. Scoggins, 890 F.2d 128, 129 (9th Cir.1989). In reviewing the order dismissing the action, we must assume that all of Mrs. Coltrain's factual allegations are true. McGowan, 890 F.2d at 136.
 
 DISCUSSION
 
 6
 Coltrain urges this court to carve out an exception to the Feres doctrine that would permit her to recover tort damages from the military for medical negligence in the performance of routine medical care. However, the law clearly precludes recognition of such an exception. See Feres v. United States, 340 U.S. 135 (1950) (holding that two medical malpractice suits were barred because treatment of military personnel by military doctors in a military facility was incident to military service); Grosinsky v. United States, 947 F.2d 417, 418 (9th Cir.1991) ("Feres also bars suits by third parties that have their genesis in injuries to members of the armed forces."); Persons, 925 F.2d at 294-96; Atkinson v. United States, 825 F.2d 202 (9th Cir.1987), cert. denied, 485 U.S. 987 (1988). The Feres doctrine insulates the Government from liability "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Feres, 340 U.S. at 146. The Supreme Court and this court have clearly held that the doctrine applies to the negligent treatment of military personnel by military doctors. Id.; Atkinson, 825 F.2d at 202-07.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3