8 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andre B. THOMPSON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-55976.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 6, 1993.*
Decided Aug. 30, 1993.
 
 Before NOONAN, FERNANDEZ, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andre Thompson appeals the district court's dismissal with prejudice of his Federal Tort Claims Act (FTCA) claim for injuries which arose out of an accident on a military base. Thompson, then a member of the United States Marine Corps, seriously injured himself while shopping at the 24 Area Post Exchange (PX) at Camp Pendleton, California, where he was stationed. The PX was under the control of the military. Thompson was on "liberty" (off-duty status) at the time. Rendered totally disabled by the injury, he was discharged. The district court found that it lacked subject matter jurisdiction over his claim because the Feres[1] doctrine barred claims for injuries to military personnel which occurred in the course of military service.
 
 
 3
 Thompson first argues that the district court improperly dismissed his complaint under Federal Rule of Civil Procedure 12(b)(1). However, we have specifically held that Rule 12(b)(1) is the proper ground for dismissing FTCA claims which are barred by the Feres doctrine. Broudy v. United States, 661 F.2d 125, 128 n. 5 (9th Cir.1981).
 
 
 4
 We recognize that Thompson is an exceedingly sympathetic claimant and that in the past we have criticized the Feres doctrine. However, our precedent squarely bars his tort claim. "The Feres doctrine deprives federal courts of subject matter jurisdiction to decide claims by members of the armed services where the injuries 'arise out of or are in the course of activity incident to service.' " Millang v. United States, 817 F.2d 533, 534-35 (9th Cir.1987) (per curiam) (quoting Feres, 340 U.S. at 146, 71 S.Ct. at 159), cert. denied, 485 U.S. 987, 108 S.Ct. 1290, 99 L.Ed.2d 500 (1988). Moreover, in United States v. Johnson, 481 U.S. 681, 687-88, 107 S.Ct. 2063, 2067, 95 L.Ed.2d 648 (1987), the Supreme Court reaffirmed that the Feres doctrine "has been applied consistently to bar all suits on behalf of service members against the Government based upon service-related injuries."
 
 
 5
 The factors bearing on whether injuries are service-related include "the location of the accident, whether the participants were on duty when the accident occurred and the nature of the activities involved." Millang, 817 F.2d at 535 n. 2. Related factors are whether the accident happened in an area available to plaintiff "solely by virtue of his status as a serviceman" and whether that area was "under the complete control of the commanding officer." Id. at 535; Bon v. United States, 802 F.2d 1092, 1095 (9th Cir.1986).
 
 
 6
 Thompson argues that although his accident occurred while he was on the military base, the fact that he was off duty at the time and that he was shopping indicate that his injuries were not service-related. However, it is clear that "[t]he relevant distinction ... runs between servicepersons who are on 'active duty' and those who have been discharged or are on furlough, not between 'off-duty' and 'on-duty' servicepersons." Persons v. United States, 925 F.2d 292, 296 n. 6 (9th Cir.1991); see also, e.g., Bon, 802 F.2d at 1093, 1095-96. Thompson does not dispute the fact that he had access to the PX only by virtue of his status as an active-duty serviceman. In addition, Thompson alleged that the PX was "a facility operated by and under the control of the United States Government." Although he was given the opportunity, Thompson made no attempt to amend his complaint to allege that the PX was run by persons outside the ultimate authority of the base's commanding officer.
 
 
 7
 Nor does the fact that Thompson was shopping (rather than being engaged in a more combat-related activity) serve to bring him outside the Feres doctrine. We have previously found recreational canoeing[2] and picnicking[3] to be service-related. Shopping at a PX is legally indistinguishable. Nor is it necessary that Thompson "specifically challenge a military decision." Millang, 817 F.2d at 535. A lawsuit which challenges the conduct of an on-duty military officer "acting within the scope of his authority on a military base also challenges the enforcement of military discipline. That is precisely what Feres sought to prevent." Id. By challenging the way in which the government ran the PX, Thompson necessarily implicates the officer in charge of that military facility.
 
 
 8
 Finally, the facts Thompson alleged do not bring him within any of the limited exceptions to the Feres doctrine which this court has recognized. See Lutz v. Secretary of the Air Force, 944 F.2d 1477, 1487 (9th Cir.1991) (intentional tortious acts by a service-member); McGowan v. Scoggins, 890 F.2d 128, 139 (9th Cir.1989) (injuries which are not incident to current military service).
 
 
 9
 In short, we recognize that a terrible tragedy has befallen Mr. Thompson. While he does have our sympathy, we cannot offer him solace through the FTCA.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950)
 
 
 [2]
 Bon, 802 F.2d at 1093
 
 
 [3]
 Millang, 817 F.2d at 534