F I L E D
United States Court of Appeals
Tenth Circuit

AUG 20 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CHERYL COREY,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
UNITED STATES AIR FORCE;
STEVEN TURNER, Colonel,
individually and in his official capacity
as Colonel of the United States Air
Force; SILAS R. JOHNSON, Brigadier
General, individually and in his official
capacity as Wing Commander, 552nd
Air Control Wing of the United States
Air Force; PHILIP MANNING,
Lieutenant Colonel, individually and in
his official capacity as Detachment
Commander, 965th Airborne Air
Control Squadron of the United States
Air Force,

      Defendants-Appellees.

No. 96-6409
(D.C. No. 96-CV-552)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellant Cheryl Corey appeals from the district court's order granting the appellees' motion to dismiss. We exercise jurisdiction over Ms. Corey's appeal pursuant to 28 U.S.C. § 1291, and affirm.

Ms. Corey is a former member of the United States Air Force. She initiated a civil action in the United States District Court for the Western District of Oklahoma against the United States of America, Department of the Air Force, Air Force Colonel Steven Turner, Air Force Brigadier General Silas R. Johnson, Jr., and Lieutenant Colonel Philip Manning. Ms. Corey's complaint, which seeks compensatory and punitive damages, sets forth the following causes of action: (1) violation of 42 U.S.C. § 2000e *et seq*.; (2) conspiracy to deprive her of her right to the equal protection of the law, in violation of 42 U.S.C. § 1985; (3) breach of contract;[1] (4) sexual assault and battery; (5) intentional infliction of emotional

---

[1] Ms. Corey has not contested the district court's dismissal of her breach of contract claim on appeal.

-2-

distress; (6) negligence; (7) defamation; and (6) tortious interference with contract. Ms. Corey's tort claims were brought pursuant to 28 U.S.C. § 1346(b) and the Federal Tort Claims Act, 28 U.S.C. §§ 2671 - 2679.

In her complaint, Ms. Corey sets forth the following allegations. On March 21, 1991, she enlisted as an Airman in the United States Air Force. While stationed at Tinker Air Force Base, Oklahoma, she was "repeatedly subjected to and suffered a continuous history and pattern of sexual harassment and discrimination" during the course of her employment. In September 1994, Brigadier General Johnson sent Ms. Corey to Incirlik, Turkey, for a temporary assignment. In Turkey, Lt. Colonel Manning was Ms. Corey's military detachment commander, and Colonel Turner was employed with another detachment.

On September 16, 1994, Colonel Turner's detachment arranged a party on Incirlik Air Base Turkey. Ms. Corey attended the party, as did numerous members of her detachment and Colonel Turner's detachment. During the party, Colonel Turner became intoxicated and "sexually assaulted [Ms. Corey] by intentionally grabbing [her] buttocks with both hands." Although Ms. Corey and other officers reported the assault to Lt. Colonel Manning, he took no action to

assist Ms. Corey and he refused to seriously consider her complaint. Thereafter, Ms. Corey filed a complaint with the Air Force Office of Special Investigations. Lt. Colonel Manning attempted to cover up the incident and made threats to potential witnesses to prevent them from assisting in the investigation of Colonel Turner. The Air Force failed to take disciplinary action against Colonel Turner and Lt. Colonel Manning. In fact, both of these individuals were promoted to an increased level of responsibility.

Ms. Corey claims she has no recourse to pursue her harassment claim because the Air Force "has established a system and mechanism to discourage complaints against its senior officers." Furthermore, she claims the Air Force has generally failed to adequately supervise, train, investigate, and discipline its military members regarding sexual harassment and discrimination. As a result of the actions of the Air Force, Ms. Corey felt compelled not to renew her enlistment contract and suffered monetary damages.

In September 1995, Ms. Corey filed her complaint in federal court against the United States and individual defendants. The defendants then filed a motion to dismiss Ms. Corey's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a cause

of action for which relief could be granted. In October 1996, the district court entered an order granting the motion to dismiss. The court determined Ms. Corey's Title VII claim must be dismissed because Title VII was inapplicable to uniformed military personnel. The court found Ms. Corey's remaining claims should be dismissed because they were non-justiciable under the Supreme Court's decision in *Feres v. United States*, 340 U.S. 135 (1950). Following the dismissal of her action, Ms. Corey timely filed a notice of appeal.

Although her appellate arguments are somewhat disjointed, Ms. Corey appears to assert two principal arguments: (1) the district court erroneously determined she could not assert a claim under Title VII and (2) the district court erroneously determined the *Feres* doctrine barred her § 1985 claims and her claims under the Federal Tort Claims Act.

First, we review Ms. Corey's contention the district court erred in concluding she could not assert a claim under Title VII. The district court's dismissal of Ms. Corey's Title VII claim was made pursuant to Rule 12(b)(6). We review *de novo* a district court's dismissal for failure to state a claim. *Kidd v. Taos Ski Valley, Inc.*, 88 F.3d 848, 854 (10th Cir. 1996). We uphold such a dismissal "only when it appears that the plaintiff can prove no set of facts in

support of the claims that would entitle [her] to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff."  *Fuller v. Norton*, 86 F.3d 1016, 1020 (10th Cir. 1996).

Ms. Corey contends her Title VII claim against the United States should be allowed to proceed.  Ms. Corey argues Congress intended Title VII to apply to uniformed military personnel, just as it intended the statute to apply to other citizens.  According to Ms. Corey, "[t]he plain meaning of Title VII suggests that no distinction exists between uniformed employees and civilian employees under Title VII."

Unfortunately for Ms. Corey, it is well settled Title VII does not afford protections to uniformed personnel of the various armed forces.  42 U.S.C. § 2000e-16(a) (1994 & Supp. 1997) extends Title VII coverage to "employees ... in military departments as defined in section 102 of Title 5."  5 U.S.C. § 102 (1994) defines military departments as the departments of the Army, Navy and Air Force.  However, 10 U.S.C. § 101(a)(4) defines "armed forces" as the Army, Navy, Air Force, Marine Corps, and Coast Guard.  In *Gonzalez v. Department of the Army*, 718 F.2d 926, 928 (9th Cir. 1983), the Ninth Circuit concluded "[t]he two differing definitions show that Congress intended a distinction between

'military departments' and 'armed forces,' the former consisting of civilian employees, the latter of uniformed military personnel." Thus, the court held that Title VII is only applicable to civilian employees of the Army, Navy, and Air Force; the statute is not applicable to uniformed members of the armed forces. *Id.* at 928-29.

In *Salazar v. Heckler*, 787 F.2d 527, 530 (10th Cir. 1986), we recognized that "§ 717 [of Title VII] does not afford protection 'to the uniformed personnel of the various armed services.'" Citing *Gonzales*, we stated:

> The definitions of "military departments" and "armed forces" contained in the United States Code ... compel the view "that the term 'military departments' in section 717(a) of Title VII ... can be fairly understood to include only civilian employees of the Army, Navy, and Air Force and not both civilian employees and enlisted personnel."

*Id.* The other circuits that have considered the issue are in agreement that Title VII does not apply to uniformed members of the armed forces. *See, e.g., Roper v. Department of Army*, 832 F.2d 247, 248 (2d Cir. 1987) ("we cannot agree to the extension of Title VII to uniformed members of the armed forces."); *Taylor v. Jones*, 653 F.2d 1193, 1200 (8th Cir. 1981) (Title VII not applicable to those who enlist or apply for enlistment in United States armed forces). Ms. Corey has provided this court with no circuit precedent to the contrary.

Because Title VII is not applicable to uniformed members of the armed forces, the trial court's dismissal of Ms. Corey's Title VII claim was appropriate. Ms. Corey's argument that Congress intended Title VII to apply to uniformed personnel is clearly without merit in light of prevailing law.[2]

Next, we review Ms. Corey's claim the district court erroneously determined her § 1985 claims and her claims under the Federal Tort Claims Act were precluded under the *Feres* doctrine.[3] Although not specifically stated in its order, we assume the district court dismissed Ms. Corey's claims under the *Feres* doctrine pursuant to Fed. R. Civ. P. 12(b)(1).[4] *See Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1997) (motion to dismiss under *Feres* doctrine properly treated as Rule 12(b)(1) motion to dismiss). "We review de novo whether the

---

[2] Although Ms. Corey appears to argue military personnel should not be immune from Title VII under the *Feres* doctrine, we need not address this argument. The trial court's dismissal of Ms. Corey's Title VII claim was not pursuant to the *Feres* doctrine.

[3] In her reply brief, Ms. Corey argues for the first time that the *Feres* doctrine should no longer apply since she is no longer a member of the military. Because this issue was not raised in her opening brief, we refuse to consider it on appeal. *See Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 724 (10th Cir. 1993) (issues raised for the first time in reply brief will generally not be considered).

[4] Even if the district court dismissed Ms. Corey's claims under Rule 12(b)(6), the standard of review would still be *de novo*. *See Kidd*, 88 F.3d at 854.

*Feres* doctrine is applicable to the facts reflected in the record." *Id.* (citation and internal quotation marks omitted). Furthermore, because the district court apparently did not look beyond the allegations contained in the complaint, we must accept the plaintiff's factual allegations as true. *Id.*

In *Feres*, the Supreme Court held "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146. In cases subsequent to *Feres*, the Supreme Court has ruled that enlisted military personnel may not maintain a suit against other military personnel that seeks damages for constitutional violations arising out of or incident to service. *Chappell v. Wallace*, 462 U.S. 296, 305 (1983); *United States v. Stanley*, 483 U.S. 669, 683-84 (1987). The rationale for these decisions is threefold: "'(1) the distinctly federal nature of the relationship between the government and members of its armed forces ...; (2) the availability of alternative compensation systems; and (3) the fear of damaging the military disciplinary structure.'" *Madsen v. United States*, 841 F.2d 1011, 1013 (10th Cir. 1987) (quoting *Atkinson v. United States*, 825 F.2d 202, 205 (9th Cir. 1987), *cert. denied*, 485 U.S. 987 (1988)). The Tenth Circuit has stated "[t]he *Feres* rationales extend beyond a damage action based on FTCA and *Bivens* and require abstention in a damage action arising from the

Constitution if the *Feres* 'incident to service' test is met."  *Walden v. Bartlett*, 840

F.2d 771, 773 (10th Cir. 1988).  Furthermore, the Tenth Circuit has noted that

> courts have routinely ruled that the protection of the *Feres* doctrine
> extends to officers and other servicemen, as well as to the United
> States....  Indeed, in *Feres,* ... the Supreme Court stated:  "We know
> of no American law which ever has permitted a soldier to recover for
> negligence against either his superior officers or the Government he
> is serving."

*Hefley v. Textron, Inc.*, 713 F.2d 1487, 1491 (10th Cir. 1983) (quoting *Feres*, 340

U.S. at 141).


Courts applying the *Feres* doctrine have broadly construed the "incident to

service" test and have barred recovery "for injuries that at first blush may not

have appeared to be closely related to their military status."  *Dreier*, 95 F.3d at

1440.  "[P]ractically any suit that 'implicates the military judgments and

decisions,' ... runs the risk of colliding with *Feres*."  *Persons v. United States*, 925

F.2d 292, 295 (9th Cir. 1991) (quoting *United States v. Johnson*, 481 U.S. 681,

691 (1987)).  In determining whether the "incident to service" test is met, a key

inquiry is "whether the suit requires the civilian court to second-guess military

decisions  ... and whether the suit might impair essential military discipline."

*United States v. Shearer*, 473 U.S. 52, 57 (1985).

Ms. Corey contends her § 1985 claims and her claims brought pursuant to the Federal Tort Claims Act are not barred by *Feres* because the conduct she complains of was not "incident to service." Ms. Corey claims the court is not being called upon to second-guess any military decisions and she argues the functioning of the military will not be disrupted by holding the United States accountable for the unlawful conduct.

Ms. Corey's tort and § 1985 claims can be divided into two general categories: (1) the claims based on her allegations that she was subjected to a continued history and pattern of discrimination and sexual harassment while stationed in Oklahoma, and (2) the claims based on her allegations of sexual harassment that occurred during the on-base party in Incirlik, Turkey, and the military's failure to provide her with adequate relief from this harassment. With respect to the general allegations of sexual harassment and discrimination that occurred while Ms. Corey was stationed in Oklahoma, Ms. Corey admits in her complaint these actions occurred "[d]uring the course of her employment." Thus, by her own admission, this conduct arose from Ms. Corey's military status, her military duties, and her relationship with other officers. This conduct was clearly "incident to service." Consequently, Ms. Corey's tort and § 1985 claims based on

-11-

the conduct that occurred while she was stationed in Oklahoma were properly dismissed pursuant to the *Feres* doctrine.

Next, we review whether the conduct that occurred during and subsequent to the party in Turkey was "incident to service." The September 16, 1994 on-base party was arranged and attended by military members. During the party, Colonel Turner allegedly became intoxicated and sexually assaulted Ms. Corey by grabbing her buttocks with both hands. Ms. Corey asserts that although she reported Colonel Turner's improper conduct, the Air Force did not take disciplinary action against Colonel Turner. Ms. Corey states the conduct of the Air Force and other defendants violated a number of military regulations. Furthermore, Ms. Corey contends the Air Force "has established a system ... to discourage complaints against its senior officers" and the Air Force has generally failed to adequately supervise, train, investigate, and discipline its military members regarding sexual harassment and discrimination. Ms. Corey contends the defendants conspired against her and deprived her of her right to due process and equal protection, in contravention of 42 U.S.C. § 1985.

After thoroughly reviewing the record, as well as all relevant authorities, we conclude, as did the district court, that Ms. Corey's § 1985 claims and her

claims brought under the Federal Tort Claims Act arose "incident to service."[5]

The *Feres* doctrine "'encompass[es], at a minimum, all injuries suffered by military personnel that are even remotely related to the individual's status as a member of the military.'" *Persons*, 925 F.2d at 296 n.7 (quoting *Major v. United States*, 835 F.2d 641, 644 (6th Cir. 1987), *cert. denied*, 487 U.S. 1218 (1988)). Here, Ms. Corey's participation in the party at which her injuries occurred was a consequence of her military status. The party occurred on base and was organized and attended by military members. Those participating in the party -- including Ms. Corey and the individual defendants -- were subject to military discipline and control. Thus, we believe the injuries suffered by Ms. Corey were at least "remotely related" to her military status.

The fact Ms. Corey's injuries occurred during a recreational activity does not prevent the application of *Feres*. In *Millang v. United States*, 817 F.2d 533, 534-35 (9th Cir. 1987), *cert. denied*, 485 U.S. 987 (1988), an off-duty military

---

[5] To the extent Ms. Corey argues her sexual assault and battery claims against the United States should have been allowed to proceed, we conclude these claims are barred pursuant to the "intentional tort exception" to the Federal Tort Claims Act. This exception shields the United States from liability for claims arising from an assault or battery. *See* 28 U.S.C. § 2680(h); *Satterfield v. United States*, 788 F.2d 395, 399 (6th Cir. 1986). Because Ms. Corey's assault and battery claims against the United States are barred under the intentional tort exception, we need not decide whether these claims are "incident to service" and barred under *Feres*.

police officer sought to recover for injuries that occurred when he was run over by an on-duty military police officer at an on-base picnic site. However, the Ninth Circuit concluded the plaintiff's claims were barred by *Feres* because they "could well call military decisions into question." *Id.* at 535. Similarly, in *Bon v. United States*, 802 F.2d 1092, 1096 (9th Cir. 1986), the court precluded under *Feres* the claims of an active duty servicewoman, on authorized leave, who was injured in a boating accident that occurred on or near a Navy Special Services Facility. *See also Bozeman v. United States*, 780 F.2d 198, 202 (2d Cir. 1985) (*Feres* barred widow's claims against government under Federal Tort Claims Act where decedent, an off-duty military policeman, was served drinks at Non-Commissioned Officers' club and was killed subsequently in off-base accident).

Allowing Ms. Corey's lawsuit to proceed would involve judicial inquiry into, and intrusion upon, military discipline. In effect, we would be inviting the district court to second-guess the military decisions made concerning the conduct that occurred at the on-base party. Furthermore, we would be authorizing the court to review the Air Force's application (or non-application) of its own rules of military discipline. This is precisely the type of second-guessing and intrusion into military affairs that the *Feres* doctrine was designed to prevent. "To permit this type of suit would mean that commanding officers would have to stand

-14-

prepared to convince a civilian court of the wisdom of a wide range of military and disciplinary decisions ...." *Shearer*, 473 U.S. at 58. Thus, we agree with the district court that Ms. Corey's § 1985 claims and her claims brought under the Federal Tort Claims Act "arise out of or are in the course of activity incident to service." Consequently, these claims are precluded by *Feres*.[6]

Based on the foregoing reasons, we hereby **AFFIRM** the district court's order dismissing Ms. Corey's claims.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge

---

[6] Ms. Corey contends the United States failed to disclose to the court whether the conduct of the individual defendants was within the scope of their employment pursuant to the Westfall Act, 28 U.S.C. § 2679. Because we have determined Ms. Corey's claims are precluded under the *Feres* doctrine, we find this contention irrelevant and need not address it. Ms. Corey also appears to argue she is entitled to relief under 42 U.S.C. § 1986, the Victims' Rights and Restitution Act of 1990, and Department of Defense Instruction 103.2.2. However, these claims were not raised in Ms. Corey's complaint and they were not decided by the district court. Consequently, we will not review any issues concerning these claims on appeal. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992) (generally, court will not consider an issue on appeal that was not raised below). Furthermore, to the extent Ms. Corey argues she is entitled to receive "injunctive or other equitable relief", we refuse to review this claim because her complaint only requested monetary damages. Finally, we deny Ms. Corey's request for permission to amend her complaint. Ms. Corey did not seek leave to amend her complaint from the trial court, and Ms. Corey makes no attempt to argue how any of her claims would survive if such leave were granted.