**Wendy N. LATCHUM, Individually and as parent and guardian ad litem of her minor children, and as special administrator of the estate of John Russell Latchum, Jr.; Joshua Ryan Latchum, a minor; Breanna Nichole Latchum, a minor, Plaintiffs—Appellants,**

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 01–17403.

D.C. No. CV–00–00826–SOM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2003.

Decided May 21, 2003.

Before LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM *

Army Chief Warrant Officer (CWO) John Russell Latchum was shot and killed by civilian trespassers while vacationing on authorized leave at the Waianae Army Recreational Center (WARC), Hawaii. His wife, Wendy N. Latchum, individually and as parent and guardian ad litem of their minor children, and as special administrator of his estate, appeals the district court's Fed.R.Civ.P. 12(b)(1) dismissal of her action brought under the Federal Tort Claims Act, 28 U.S.C. § 2674, (FTCA) against the United States. The district court dismissed the action for lack of subject matter jurisdiction pursuant to the *Feres* doctrine, which bars FTCA suits for service-related injuries to service members, and suits for derivative injuries sustained by a soldier's family members. *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). We have jurisdiction over this timely appeal under 28 U.S.C. § 1291. We review de novo, *Dreier v. United States,* 106 F.3d 844, 847 (9th Cir.1996), and we affirm.

"[W]hatever the original scope of the *Feres* doctrine, it is clear that it has been interpreted ... by our court ... to include military-sponsored recreational programs." *Costo v. United States,* 248 F.3d 863, 869 (9th Cir.2001), *cert. denied,* 534 U.S. 1078, 122 S.Ct. 808, 151 L.Ed.2d 693 (2002). The facts of this appeal cannot be distinguished from *Costo.* WARC is owned and operated by the Department of the United States Army as a military recreation facility in the Army's Morale, Welfare, and Recreation program. Latchum, as an active duty Army serviceman, had first priority to use WARC. While using the facilities, he was governed by Army Regulations, WARC rules, and other military rules. The negligence alleged in the complaint, inadequate security, occurred as a result of decisions made by military personnel. All of these factors weigh in favor of applying the *Feres* doctrine. *See Costo,* 248 F.3d at 867. The use of the cabins by some civilian employees of the Department of Defense does not undercut this conclusion. *See Bon v. United States,* 802 F.2d 1092, 1095 (9th Cir.1986). Nor does the fact that Latchum was on authorized leave, because his use of WARC was a benefit of his military status. *See Uptegrove v. United States,* 600 F.2d 1248, 1249–50 (9th Cir.1979).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Appellant's remaining arguments, concerning statutory interpretation and equal protection, have been previously considered and rejected by this court. *See Costo,* 248 F.3d at 864.

AFFIRMED.