**Richard J. GROSINSKY, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV 89–352 TUC–RMB.**

United States District Court,
D. Arizona,
Tucson Division.

July 19, 1990.

Michael E. Farro, Sierra Vista, Ariz., for plaintiffs.

Don B. Overall, U.S. Atty's. Office, Tucson, Ariz., for defendant.

### ORDER

BILBY, District Judge.

Plaintiffs brought this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.* There are three Plaintiffs: Sergeant First Class Richard Grosinsky; Karla Grosinsky, his wife; and Veronica Grosinsky, their child. The sole Defendant is the USA.

Defendant filed a Motion to Dismiss/for Summary Judgment ("Motion").

Plaintiffs allege that the surgeon at the military hospital negligently performed a vasectomy, that the surgeon and other health care professionals at the military hospital negligently analyzed and interpreted the Sergeant's sperm count tests, and as a result of this negligence, the child, Veronica Grosinsky, was born.

Count 1 of the Complaint alleges negligent acts under the FTCA. Count 2 of the Complaint alleges tortious breach of con-

tract. The Complaint seeks relief of damages including the cost of rearing and educating the child.

The Sergeant was an active duty soldier at the time of the operation.

On August 7, 1986 the Sergeant and Karla met with a Dr. Guthrie (a physician employed by the US Army). There was a counseling session at which the vasectomy procedure and risks were explained. On August 7, 1986 these two Plaintiffs signed a "Vasectomy Counsel and Agreement" form ("Agreement").

On January 12, 1987 the vasectomy was performed.

Semen samples were provided by the Sergeant at three times during March 1987. Based on these samples Dr. Guthrie informed the Plaintiffs that the vasectomy had been successful.

In spite of the vasectomy, the Sergeant and Karla gave birth to the child, Veronica, on January 12, 1989.

In response to the Plaintiffs' claim that the vasectomy agreement constituted a contract, the Defendant makes four assertions: 1) it is used to counsel a patient and document his consent; 2) the Agreement is not an approved contract and is not intended to be such by the Defendant; 3) there was no consideration since the medical treatment was provided free to the Plaintiffs; 4) the doctor had no contracting authority.

■ As to the child Plaintiff, Veronica, this Plaintiff failed to file an administrative claim as required by 28 U.S.C. § 2675. The filing is a jurisdictional requirement for maintaining an FTCA action. *See, e.g., Blain v. U.S.*, 552 F.2d 289 (9th Cir.1977); *Avril v. U.S.*, 461 F.2d 1090 (9th Cir.1972). Moreover, this Plaintiff has also failed to state a claim under Arizona State law as a result of the new State Supreme Court opinion in *Walker v. Mart*, 164 Ariz. 37, 790 P.2d 735 (1990). Plaintiffs' counsel concedes that Veronica's independent claim is not recognizable under Arizona law as a result of *Walker v. Mart*. (See Plaintiffs' Response Memo).

■ As to the Plaintiff, Sergeant, the Court holds his causes of action should be dismissed. His FTCA claim is dismissed for lack of subject matter jurisdiction since it is barred by the *Feres* Doctrine. The *Feres* Doctrine ("Doctrine") is a longstanding judicial exception to the FTCA's waiver of sovereign immunity. The Doctrine says that "the Government is not liable under the FTCA for injuries to servicemen *where the injuries arise out of or are in the course of activity incident to military service." Feres v. United States*, 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950); *See also, U.S. v. Stanley*, 483 U.S. 669, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987). The Supreme Court has consistently held that claims by active duty service members arising out of medical care received in military hospitals are incident to service. The Ninth Circuit Court of Appeals has likewise held. *Atkinson v. U.S.*, 825 F.2d 202 (9th Cir.1987); *Veillette v. U.S.*, 615 F.2d 505 (9th Cir.1980); *Henninger v. U.S.*, 473 F.2d 814 (9th Cir.1973). Here, the Sergeant's FTCA claim was incident to service, and thus, barred by the Doctrine. The Sergeant's tortious breach of contract claim is also barred by the *Feres* Doctrine, using the same "incident to service test." Additionally, as explained below for the Plaintiff Karla, the Sergeant has failed to state a claim for tortious breach of contract (under federal contract law). Finally, since Wife–Karla's claims are being dismissed, the Sergeant has no claim for loss of consortium under Arizona State law.

■ As to the Plaintiff, Karla, the Court holds her FTCA and tortious contract claims should also be dismissed for lack of subject matter jurisdiction. The "genesis test", endorsed by the Ninth Circuit, requires that the FTCA action for negligence be dismissed. Karla's alleged injury has its genesis in the medical care provided to the Sergeant while he was on active duty and incident to medical service. *See, e.g., Irvin v. U.S.*, 845 F.2d 126 (6th Cir.1988); *Monaco v. U.S.*, 661 F.2d 129 (9th Cir. 1981); *Van Sickel v. U.S.*, 285 F.2d 87 (9th Cir.1960). The "genesis test" evolved from the case of *Stencel v. Aero Engineering Corp. v. U.S.*, 431 U.S. 666, 97 S.Ct. 2054,

52 L.Ed.2d 665 (1977). *Monaco* was an Agent Orange case, in which the daughter of a military person sued the US under the FTCA alleging birth defects from exposure of her father to radiation. In that Ninth Circuit decision, the Court of Appeals held that the Doctrine barred the claim, reasoning that "the proper focus in applying the *Feres* Doctrine is not the time of injury, but the time of the negligent act." *Monaco*, 661 F.2d 129. Here, both the Sergeant's and Karla's injuries arise out of a *Feres*-barred claim. *Monaco* says the proper focus in applying the Doctrine is the time of the negligent act and not the time of injury. Karla's claim has its genesis in the medical care provided to the Sergeant while he was on active duty. Thus, the claim is barred since it arises from activities incident to the Sergeant's military service. Further support for this Court's holding is the factually similar Tenth Circuit case of *Harten v. Coons*, 502 F.2d 1363 (10th Cir.1974).

As to Karla's tortious breach of contract claim, this claim is also dismissed. Defendant properly points out that *Fort Vancouver Plywood v. U.S.*, 747 F.2d 547, 552 (9th Cir.1984) directs that a contract with the US is governed by *federal law*, and not state law. Under federal law, the Plaintiff has not shown the Court that the contractual requirements of consideration and authority to contract by a federal agent, have been fulfilled. Defendant has filed an affidavit that Dr. Guthrie had no contractual authority, as a federal agent. Finally, even if there was a contract, under the "genesis approach" any FTCA tort claim would be barred due to the wide scope of the *Feres* Doctrine and the *Monaco* decision.

IT IS ORDERED that the Defendant's Motion to Dismiss is GRANTED, and that the case be DISMISSED with PREJUDICE.