947 F.2d 417
 Karla S. GROSINSKY, individually, as husband and wife, and
as next friends and natural guardians of Veronica Grosinsky,
individually as husband and wife, and as next friends and
natural guardians of Richard J. Grosinsky, a minor,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-16256.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Oct. 10, 1991*.
Decided Oct. 22, 1991.
 
 Michael E. Farro, Sierra Vista, Ariz., for plaintiffs-appellants.
 Major Gill P. Beck, Sp. Asst. U.S. Atty., Civ. Div., Tucson, Ariz., for defendant-appellee.
 Appeal from the United States District Court for the District of Arizona (Tucson).
 Before NORRIS and THOMPSON, Circuit Judges, and VAN SICKLE, District Judge.**
 PER CURIAM:
 
 
 1
 Karla Grosinsky and her husband, Sergeant First Class Richard Grosinsky, appeal the district court's dismissal of their suit for negligence and tortious breach of contract under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq., for lack of subject matter jurisdiction. See Grosinsky v. United States, 741 F.Supp. 805 (D.Ariz.1990).
 
 
 2
 Appellants allege that a surgeon at R.W. Bliss Army Community Hospital, Ft. Huachuca, Arizona, negligently performed a vasectomy, that the surgeon and other hospital personnel negligently analyzed and interpreted Sergeant Grosinsky's sperm count tests, and that, as a result of this negligence, a child was born.
 
 
 3
 We first consider appellant Karla Grosinsky's negligence claim. The FTCA waives the sovereign immunity of the United States for the tortious conduct of its employees. Although the FTCA does not on its face exempt military personnel, the Supreme Court has carved out an exception for "injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Feres v. United States, 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950). Among the suits barred under Feres are suits by members of the armed forces for medical malpractice. Id. at 137, 146, 71 S.Ct. at 155, 159; Atkinson v. United States, 825 F.2d 202, 206 (9th Cir.1987), cert. denied, 485 U.S. 987, 108 S.Ct. 1288, 99 L.Ed.2d 499 (1988).[1] Feres also bars suits by third parties that have their genesis in injuries to members of the armed forces. Monaco v. United States, 661 F.2d 129, 133-34 (9th Cir.1981), cert. denied, 456 U.S. 989, 102 S.Ct. 2269, 73 L.Ed.2d 1284 (1982).
 
 
 4
 Appellant Karla Grosinsky, who is not a member of the armed forces, argues that Feres and its progeny do not bar her negligence claim even though her husband was in the armed services at the time of the vasectomy because the army surgeon and hospital personnel owed a direct duty to her personally to use due care in transmitting the results of the sperm count tests. This argument is foreclosed by Persons v. United States, 925 F.2d 292, 296-97 (9th Cir.1991), in which we held that a claim for breach of a military hospital's duty to warn family members of a serviceman's suicidal condition had its genesis in the hospital's treatment of the serviceman and was thus barred under Monaco.[2] We therefore affirm the dismissal of appellant's claim for negligence for lack of subject matter jurisdiction.
 
 
 5
 We next consider appellant Karla Grosinsky's claim for tortious breach of contract. Because the district court considered matters outside the pleadings in dismissing this claim, we treat the dismissal as a grant of summary judgment under Rule 56. See Fed.R.Civ.P. 12(b).[3]
 
 
 6
 A contract with the United States is governed by federal, rather than state, law. Fort Vancouver Plywood Co. v. United States, 747 F.2d 547, 552 (9th Cir.1984). Under federal law, a purported agreement with the United States is not binding unless the other party can show that the official with whom the agreement was made had authority to bind the United States. S.E.R., Jobs for Progress, Inc. v. United States, 759 F.2d 1, 4 (Fed.Cir.1985). The appellee filed an affidavit that the army surgeon had no such contractual authority. Because appellant failed to offer evidence contesting this fact, summary judgment was properly granted. Fed.R.Civ.P. 56(e).
 
 
 7
 Richard Grosinsky does not dispute that, under the Feres doctrine, his military status precludes him from asserting on his own behalf the claims his wife alleges. The claims he asserts are derivative of his wife's claims. Because we hold that Karla Grosinsky cannot maintain her claims against the United States, appellant Richard Grosinsky's derivative claims are also dismissed.[4]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Fred Van Sickle, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 [1]
 Feres involved three consolidated cases, two of which were medical malpractice cases. See 340 U.S. at 137, 71 S.Ct. at 155
 
 
 [2]
 Appellants' reliance on Shipek v. United States, 752 F.2d 1352 (9th Cir.1985) and Broudy v. United States, 722 F.2d 566 (9th Cir.1983) is misplaced. In both cases the allegedly tortious action--failure to warn plaintiffs of the harmful effects of radiation to which they were exposed while in the armed forces--occurred after the plaintiffs had been discharged from the armed forces
 
 
 [3]
 The United States filed both a motion to dismiss and a motion for summary judgment. 741 F.Supp. at 805
 
 
 [4]
 By their complaint, the Grosinskys also sought damages for the child born following the failed vasectomy. The district court dismissed the child's claim for failure to file an administrative claim and failure to state a claim under state law. 741 F.Supp. at 806. The appellants Karla and Richard Grosinsky did not appeal the dismissal of the child's claim