999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clint HUMPHREY, Daniel E. Carbaugh, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-36039.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 16, 1993.
Decided July 23, 1993.
 
 Before CANBY, WIGGINS and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Tragically, Terry Lynn Humphrey died while parachuting from an Army Helicopter at Fort Lewis, Washington. At the time of death, Ms. Humphrey was an enlisted member of the Army on active-duty status. The jump was part of a "Unit Adventure Training Program," a military recreational activity designed to promote unit cohesion and morale and in which participation was voluntary. Humphrey's husband, Clint Humphrey, brought suit in the district court, seeking recovery for the injuries to his wife as her personal representative and for his own emotional distress and loss of consortium.[1] The district court dismissed the action on motion for summary judgment, stating that it lacked subject matter jurisdiction under Feres v. United States, 340 U.S. 135 (1950). Mr. Humphrey appeals, and we affirm.
 
 STANDARD OF REVIEW
 
 3
 We review de novo a district court's determination that it lacks subject matter jurisdiction under Feres doctrine. Estate of McAllister v. United States, 942 F.2d 1473, 1475, (9th Cir.1991), cert. denied, 112 S.Ct. 1164 (1992); Persons v. United States, 925 F.2d 292, 294 (9th Cir.1991). We must determine independently whether the Feres doctrine applies to the facts in the record. McAllister, 942 F.2d at 1475; Persons, 925 F.2d at 294; McGowan v. Scoggins, 890 F.2d 128, 129 (9th Cir.1989). We must reverse the district court's judgment if, viewing the evidence in the light most favorable to Humphrey, we conclude that there exists a genuine issue of material fact as to whether the Feres doctrine applies. See FDIC v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992).
 
 DISCUSSION
 
 4
 Under the Feres doctrine, "the Government is not liable ... for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Feres, 340 U.S. at 146. Therefore, we must determine whether Ms. Humphrey's parachuting accident occurred in the course of an activity incident to service.
 
 
 5
 The district court indicated that several undisputed facts led to the conclusion that the parachute jump was an activity incident to military service. First, the decedent was an active duty soldier. Second, the operation of the parachuting club is governed by Army Regulations. Third, membership in the club was restricted to military personnel and other specified Department of Defense personnel and their dependents. Fourth, the jump occurred over Fort Lewis from an Army helicopter, which was operated by an active duty Army pilot. Fifth, the decedent and all persons claimed to be negligent were active duty Army personnel subject to the orders of Army pilots, commanders, or those appointed by Army commanders to supervise the activity. Finally, the court indicated that Ms. Humphrey was present by reason of her military status. The district court concluded that "[o]n these undisputed facts the holding must be that under the Feres doctrine the plaintiff cannot recover."[2] We agree.
 
 
 6
 The district court indicated that Bon was the most relevant precedent in this circuit. In Bon, a woman on active duty with the Navy was canoeing when a motor boat owned by the Government struck her. The canoe and the motor boat had been rented from the Special Services facility at the Naval Training Center. The facility was under the direct responsibility of the commanding officer of the Naval Training Center and was designed to provide "a varied program of wholesome and constructive off-duty leisure and recreation activities" for Navy personnel and their dependents. Id. at 1093. The operator of the boat was also an active duty service member. Operation of the Special Services facility was governed by base rules and regulations as well Navy regulations. Both Bon and the operator of the boat were on authorized liberty and not engaged in official duties, but were still subject to military discipline for any violations of the rules and regulations. This court held that Bon's claim was barred by the Feres doctrine, offering the following rationale.
 
 
 7
 First, the accident occurred on or near the Special Services Center. Although the location of the accident is not controlling, it is an important factor. Second, both Bon and the driver of the motor boat were active duty service members. While neither was engaged in an official duty, both were taking part in an activity provided for the benefit of their military service. The final two Johnson factors carry the most weight in this case. The benefits accruing to plaintiff because of her status as a member of the military and the nature of her activities at the time of the negligent act clearly indicate that the activity was incident to military service.
 
 
 8
 Id. at 1095 (citation and footnote omitted).
 
 
 9
 The relevant facts of this case are virtually identical to those of Bon, and we find Bon's rationale controlling here, particularly considering this court's recent observation that the Feres doctrine "provides a broad blanket of immunity to protect the government against allegations of negligence in military contexts." McAllister, 942 F.2d at 1479; see also id. at 1479-80 (indicating that "in recent years the [Supreme] Court has embarked on a course dedicated to broadening the Feres doctrine to encompass, at a minimum, all injuries suffered by military personnel that are even remotely related to the individual's status as a member of the military' ") (quoting Major v. United States, 835 F.2d 641, 644-45 (6th Cir.1987)). We cannot escape the conclusion that this accident arose out of an activity incident to Ms. Humphrey's military service.
 
 
 10
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Humphrey does not appeal the district court's application of the "genesis" test. See Grosinsky v. United States, 947 F.2d 417, 418 (9th Cir.1991) ("Feres also bars suits by third parties that have their genesis in injuries to members of the armed forces."). He concedes that if the action on behalf of his wife is barred, his actions for loss of consortium and negligent infliction of emotional distress are also barred. On the other hand, if the action for the injuries to his wife is not barred, neither are his individual claims. We agree with this position. Therefore, we will not expressly address Mr. Humphrey's individual claims in the text of this memorandum
 
 
 [2]
 Humphrey attempts to establish the existence of a genuine issue of material fact by making the following allegations: (1) participation in the jump was voluntary not compulsory; (2) while military personnel get a reduced rate, they still have to pay fees to jump; (3) the Club used some civilian instructors; (4) training and jumps did not take place during regular work hours; (5) the USPA appointed and could remove the safety and training advisor; and (6) a civilian directed the Club. Even were we to assume that all these facts and others too numerous to list were true, Humphrey would not prevail under Bon v. United States, 802 F.2d 1092 (9th Cir.1986) (discussed below). It is undisputed that under the regulations the Club is ultimately subject to military regulations, must ultimately answer to the post commander, and exists at the Army's permission