Cite as: 587 U. S. \_\_\_\_ (2019)					1

# SUPREME COURT OF THE UNITED STATES

WALTER DANIEL, INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF REBEKAH
DANIEL *v.* UNITED STATES

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 18–460.   Decided May 20, 2019

The petition for a writ of certiorari is denied. JUSTICE GINSBURG would grant the petition for a writ of certiorari.

JUSTICE THOMAS, dissenting from the denial of certiorari.

Petitioner Walter Daniel filed this tort suit against the United States after his wife, Navy Lieutenant Rebekah Daniel, died at a naval hospital due to a complication following childbirth. The District Court determined that the suit was barred by *Feres* v. *United States*, 340 U. S. 135 (1950), which held that military personnel injured by the negligence of a federal employee cannot sue the United States under the Federal Tort Claims Act. The Court of Appeals "regretfully" reached the same conclusion and affirmed. 889 F. 3d 978, 980 (CA9 2018).

Petitioner now asks the Court to reconsider *Feres*. I have explained before that "'*Feres* was wrongly decided and heartily deserves the widespread, almost universal criticism it has received.'" *Lanus* v. *United States*, 570 U. S. 932, 933 (2013) (quoting *United States* v. *Johnson*, 481 U. S. 681, 700 (1987) (Scalia, J., dissenting)). I write again to point out the unintended consequences of this Court's refusal to revisit *Feres*.

Earlier this Term, in *Air & Liquid Systems Corp.* v. *DeVries*, 586 U. S. \_\_\_ (2019), we confronted the case of two veterans who alleged that their exposure to asbestos caused them to develop cancer. *Id.,* at \_\_\_ (slip op., at 3). Both veterans served in the U. S. Navy on ships outfitted

with equipment that used asbestos insulation or parts. *Id.,* at ___ (slip op., at 2).  The manufacturers of that equipment delivered much of it to the Navy in "bare-metal" condition, *i.e.,* without asbestos, meaning that the Navy added the asbestos to the equipment after delivery. *Id.,* at ___ (slip op., at 3).  Neither veteran was exposed to any asbestos sold or delivered by the equipment manufac-turers, as opposed to asbestos added by the Navy.  See *id.,* at ___, and n. 1 (slip op., at 3, and n. 1).  Yet because the Navy was likely immune from suit under *Feres,* the veter-ans sued the manufacturers.  586 U. S., at ___ (slip op., at 3).  This Court then twisted traditional tort principles to afford them the possibility of relief.  *Id.,* at ___–___ (GORSUCH, J., dissenting) (slip op., at 2–3).

Such unfortunate repercussions—denial of relief to military personnel and distortions of other areas of law to compensate—will continue to ripple through our jurispru-dence as long as the Court refuses to reconsider *Feres.* Had Congress itself determined that servicemembers cannot recover for the negligence of the country they serve, the dismissal of their suits "would (insofar as we are permitted to inquire into such things) be just." *Johnson, supra,* at 703 (Scalia, J., dissenting).  But it did not.  Ac-cordingly, I respectfully dissent from the Court's decision to deny this petition.