NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARLY "DENVER" BOSH; EMEL BOSH; and their minor child, D.T., | No. 19-36099 |
| Plaintiffs-Appellants, | D.C. No. 3:19-cv-05616-BHS |
| v. | MEMORANDUM[*] |
| UNITED STATES OF AMERICA, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted November 20, 2020[**]
Seattle, Washington

Before: GOULD and FRIEDLAND, Circuit Judges, and OTAKE,[***] District Judge.

Plaintiff-Appellants Emel Bosh, her husband Arly Bosh, and their minor

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Jill Otake, United States District Judge for the District of Hawaii, sitting by designation.

daughter D.T. appeal the district court's dismissal of their complaint. We have appellate jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Boshes, invoking the jurisdiction of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), brought constitutional, statutory, and common law tort claims against the United States, its agents, actors, and employees. Their claims concern the side effects that Emel experienced after being administered the anthrax vaccine as an active-duty service member of the United States Army at Madigan Army Medical Center on Joint Base Lewis-McChord in Washington State. The Boshes contend that Emel was vaccinated against her will. The district court dismissed with prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, concluding that *Feres v. United States*, 340 U.S. 135 (1950), precluded the claims.[1]

The district court properly dismissed the Boshes' claims for lack of subject matter jurisdiction because the United States has not waived its sovereign immunity for these claims. *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Sovereign immunity bars suits against the United States unless the Government clearly waives that immunity. *United States v. Mitchell*, 463 U.S.

---

[1] Dismissals for lack of subject matter jurisdiction ordinarily must be without prejudice. But where, as here, "the bar of sovereign immunity is absolute," dismissal with prejudice is permitted. *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988).

2

206, 212 (1983).

Under the *Feres* doctrine, sovereign immunity precludes relief for injuries sustained incident to military service, whether brought against the United States pursuant to the FTCA, *see Feres*, 340 U.S. at 146, or against federal officials pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), *see United States v. Stanley*, 483 U.S. 669, 684 (1987). We apply the *Feres* doctrine by comparing this case to prior cases with analogous fact patterns. *Schoenfeld v. Quamme*, 492 F.3d 1016, 1019–20 (9th Cir. 2007).

The Boshes' alleged injuries were sustained incident to Emel's military service. We have applied the *Feres* doctrine to bar claims relating to injuries sustained by service members while receiving care at a military hospital. *See Daniel v. United States*, 889 F.3d 978, 980 (9th Cir. 2018) (concluding that injury caused by hemorrhaging from postpartum care received at a military hospital was incident to service); *Jackson v. United States*, 110 F.3d 1484, 1486, 1489 (9th Cir. 1997) (concluding that an aggravated hand injury resulting from treatment in a military hospital was incident to service, even though the injury occurred while the plaintiff was not on active duty). The Boshes have not meaningfully distinguished Emel's injuries from the injuries sustained in these cases.[2]

---

[2] The Boshes allege a number of disturbing additional facts on appeal, including Emel's detention in a military prison, unnecessary interrogation, forgery of her signature, sexual misconduct against her, and discrimination against her based on

3

The Boshes contend that that their claims are distinguishable from *Feres* and its progeny because the Boshes allege intentional acts and constitutional violations. This argument is unavailing. The *Feres* doctrine bars both intentional tort claims, *see Bowen v. Oistead*, 125 F.3d 800, 804 (9th Cir. 1997), and constitutional tort claims, *see Stanley*, 483 U.S. at 683–84.[3]

The *Feres* doctrine also bars Arly's and D.T.'s claims because they derive from Emel's claims. *See Ritchie v. United States*, 733 F.3d 871, 874–75 (9th Cir. 2013). The *Feres* doctrine applies "whether the suit is brought by the soldier directly or by a third party." *Stencel Aero Eng'g Corp. v. United States*, 431 U.S. 666, 673 (1977).

Finally, the Boshes request that we make an exception to *Feres*. We have no authority to depart from controlling precedent, so we must decline.

**AFFIRMED.**

---

national origin. But because these allegations were not considered by the district court, we do not consider them in this appeal. *See Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996), *as amended* (Feb. 4, 1997).

[3] The Boshes contend that recent legislation, which "allocates $400 million to the Department of Defense to investigate and pay out military medical malpractice claims internally[,]" overturns parts of the *Feres* doctrine. We do not consider this argument because the issue was not properly preserved for appeal. *See Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 912 (9th Cir. 1995).